**Electronically Filed
Supreme Court
SCWC-13-0000002
26-FEB-2016
10:36 AM**

SCWC-13-0000002

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

REED W. SAILOLA,
Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0000002; CASE NO. 1DTA-11-03671)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ., with Wilson, J.
concurring separately, and Nakayama, J., dissenting
separately, with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Reed W. Sailola seeks review of the July 2, 2015 Judgment on Appeal of the Intermediate Court of Appeals (ICA), entered pursuant to its May 29, 2015 Summary Disposition Order, which affirmed the December 6, 2012 Judgment of the District Court of the First Circuit (district court).[1] The district court found Sailola guilty of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in

---

[1] The Honorable David Lo presided.

violation of Hawaiʻi Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2010).[2]  This court accepted Sailola's application for writ of certiorari, and we now vacate the ICA's Judgment on Appeal and the district court's Judgment and remand the case to the district court for further proceedings.

After being arrested for OVUII, Sailola was taken to the police station, where he was read an implied consent form.[3] Sailola elected to take a breath test, which resulted in a breath alcohol content reading of 0.117 grams of alcohol per 210 liters

---

[2]  HRS § 291E-61(a)(3) (Supp. 2010) provides in relevant part:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath . . . .

[3]  The form read in relevant part:

1.__ Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons [sic] breath, blood or urine as applicable.

2.__ You are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content.

3.__ You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given [sic], except as provided in section 291E-21.  However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable.  In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

of breath.  In his motion to suppress the breath test results before the district court and on certiorari, Sailola contends that (1) his Miranda rights under Article I, Section 10 of the Hawaiʻi Constitution were violated when, while in custody, he was asked by the police, without Miranda warnings, if he wanted to refuse to take a blood alcohol test, which was likely to incriminate himself; (2) his statutory right to an attorney was violated; and (3) the wording of the implied consent form misinformed Sailola of the sanctions.[4]

In State v. Won, 136 Hawaiʻi 292, 312, 361 P.3d 1195, 1215 (2015), we held that the "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched."  In accordance with Won, the result of Sailola's breath test was the product of a warrantless search, and the ICA erred by concluding that the district court properly denied Sailola's motion to suppress the breath test result.  Accordingly, Sailola's OVUII

---

[4]     Included in this third argument raised before the district court and the ICA, Sailola contended that the police officers' warnings and advisements based on the implied consent form were coercive and that he did not knowingly and voluntarily submit to the breath alcohol testing.  The district court denied his motion to suppress, and the ICA affirmed the district court's ruling.

conviction cannot stand.

IT IS HEREBY ORDERED that the ICA's July 2, 2015 Judgment on Appeal and the district court's December 6, 2012 Judgment are vacated, and the case remanded to the district court for further proceedings consistent with this court's opinion in Won.

DATED: Honolulu, Hawai'i, .February 26, 2016.

Jonathan Burge
for petitioner

Brian R. Vincent
for respondent

Robert T. Nakatsuji
for *amicus curiae*
Attorney General of the
State of Hawai'i

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



4